UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL R. DAWSON,

                Plaintiff,

v.                                             Case No.  5:05-cv-45-Oc-10GRJ

JO ANNE B. BARNHART, Commissioner of
Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon reference by the Clerk.  The docket reflects that the Court entered a Scheduling Order (Doc. 5) on March 25, 2005, setting the deadlines the parties are required to comply with in this case.  Pursuant to that Scheduling Order Plaintiff was required to file a memorandum of law in support of her position on or before May 23, 2005.

Having not received a memorandum of law from Plaintiff, the Court issued a Show Cause Order (Doc. 7)[2] on June 1, 2005 requiring Plaintiff, by June 8, 2005, to show cause in writing why the memorandum of law had not been filed, or, in the alternative, to file her memorandum of law.

Plaintiff has failed to file anything in response to the Court's June 1, 2005 Show Cause Order, and, as Plaintiff has still not filed a memorandum of law, it appears that

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] The docket reflects that the Show Cause Order was delivered to Plaintiff's counsel both electronically and by physically mailing the document.

Plaintiff's failure to comply with this Court's Scheduling Order has gone uncured. Accordingly, in light of Plaintiff's failure to prosecute this case and in light of her failure to comply with Orders of this Court, her complaint against the Commissioner is due to be dismissed without prejudice.

## **DISCUSSION**

Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute[3] or for her failure to comply with an order of the court.[4] While dismissal is a dramatic sanction that is to be utilized only in extreme situations, it is appropriately applied where there is a clear record of delay or contumacious conduct on behalf of the plaintiff.[5] The failure of a plaintiff to obey court rules and orders or a plaintiff's voluntary absence from a scheduled hearing coupled with a pattern of similar conduct have been held to constitute want of prosecution, justifying the sanction of dismissal.[6]

---

[3] See Mroz v. Mroz, 65 F. 3d 1567, 1575, n. 9 (11th Cir. 1995) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)). In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Id. at 43. See also Clark v. James, 794 F. 2d 595 (11th Cir. 1986)(Dismissal of civil action for want of prosecution is appropriate sanction); Goforth v. Owens, M.D., 766 F. 2d 1533, 1535 (11th Cir. 1985).

[4] See Jones v. Graham, 709 F. 2d 1457, 1462 (11th Cir. 1983) (Failure to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice.) See also Boron v. West Texas Exports, Inc., 680 F. Supp. 1532 (S.D. Fla. 1988).

[5] Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association, 62 F. 3d 1356, 1366 (11th Cir. 1995).

[6] See Jones, 709 F.2d at 1462.  See also Clark, 794 F.2d at 597 ("[the sanction of dismissal] was imposed because [plaintiff] had deliberately failed to appear at the hearing, and it was an appropriate sanction.  The district judge is not required to ignore a litigant's voluntary absence from a hearing set in his
(continued...)

This case presents circumstances which justify the sanction of dismissal without prejudice.  Here, with the exception of filing her complaint in January 2005, the docket discloses no further participation by Plaintiff in the prosecution of this action.  After the entry of the Court's Scheduling Order, Plaintiff had until May 23, 2005 to file a memorandum of law supporting her position in this lawsuit.  Based on the continued absence of a memorandum of law, it is apparent that Plaintiff has failed to comply with the requirements of the Court's Scheduling Order.

The Court advised Plaintiff of such failure in its June 1, 2005 Show Cause Order.  In that Order, the Court directed Plaintiff to either show cause in writing for her failure to file the memorandum of law or to file the memorandum of law at that time.  Plaintiff was warned that failure to comply with the Show Cause Order may result in the dismissal of this action without prejudice.  Although the docket reflects that the Show Cause Order was sent to Plaintiff's counsel via electronic notification on June 1, 2005 and via mailing on June 7, 2005, to date, Plaintiff has failed to respond in any way to the Court's Order.  As discussed above, her failure to comply with two Orders (Docs. 5 & 7) of this Court justifies dismissal of her complaint without prejudice.

---

[6](...continued)
case [...]. If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate...").

## **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for Plaintiff's failure to prosecute this action and for her failure to comply with Orders of the Court.

**IN CHAMBERS** at Ocala, Florida, on July 1, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges,
Senior United States District Judge

All Counsel